**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)**

| | |
|---|---|
| ESTATE OF RUSSELL MORGAN, et al., | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Civil Action No. CBD-18-170 |
| | ) |
| BWW LAW GROUP, LLC, et al., | ) |
| | ) |
| **Defendants.** | ) |

## **MEMORANDUM OPINION**

Before the Court is Defendant Nationstar Mortgage, LLC and Federal Home Loan Mortgage Company's Rule 12(b)(6) Motion to Dismiss ("Defendants' Motion")(ECF No. 37).[1] The Court has reviewed Defendants' Motion and the memoranda related thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART Defendants' Motion.

### **I. Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." Velencia v. Drezhlo, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Id. (quoting Presley v. City of Charlottesville, 464 F.3d 480, 483 (4th Cir. 2006)). In doing so, the Court must keep in mind the requirements of Fed. R. Civ. P. 8, Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009),

---

[1] With the permission of the Court, Defendants' Motion is applicable to Plaintiff's Second Amended Complaint ("SAC")(ECF No. 47).

when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 556 U.S. at 678–79. See Velencia, 2012 WL 6562764, at *4 (discussing standard from Iqbal and Twombly).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. At this stage of the proceedings, the Court must accept the well pled facts alleged in complaint as true. See Aziz v. Alcolac, 658 F.3d 388, 390 (4th Cir. 2011). With these principles in mind, the Court now turns to the specific allegations set forth in the SAC.[2]

## II. Plaintiffs' Factual Allegations Against Federal Home Loan Mortgage Company are Sufficient.

Plaintiffs state that Nationstar is the agent of the Federal Home Loan Mortgage Company ("FHLMC" or "Freddie Mac"), and therefore Freddie Mac is liable under the theory of respondeat superior. SAC ¶74. Plaintiffs' rely upon Proctor v. Wells Fargo Bank, N.A., 289 F. Supp. 3d 676 (D. Md. 2018) and Cezair v. JP Morgan Chase Bank, N.A., Civ. A. No. DKC-13-2928, 2014 WL 4295048 (D. Md. Aug. 29, 2014). Clearly, Plaintiffs are of the view that Freddie Mac bears vicarious responsibility for the actions of Nationstar.

Defendants make no further challenge to Plaintiffs' theory in their reply memorandum. Accordingly, the Court will give no consideration of Defendants' contention here. The Court

---

[2] In Plaintiffs' SAC, they have abandoned their claim against Nationstar alleging a violation of the Fair Debt Collection Act, 15 U.S.C. § 1692e-f (1996), in light of its one year statute of limitation, and the untimeliness of the filing of the original complaint.

2

DENIES Defendants' Motion based solely on the challenge that Plaintiffs did not allege misconduct attributable to Freddie Mac.

> **III. Plaintiffs Have Sufficiently Presented a Claim Under the Maryland Consumer Debt Collection Act.**

Plaintiffs' state in the SAC that Defendants violated the Maryland Consumer Debt Collection Act ("MCDCA") found at Md. Code Ann., Com. Law, Sec. 14-202(8) (Lexis/Nexis 2013 Replacement Volume). Specifically, Plaintiffs allege that Defendants violated the act by "collecting and/or claiming a right and/or attempting to collect on a debt that Defendants had no right to collect when Defendants knew they were not holders of the Note and had no right to collect payment under the Note." SAC ¶68.

The statute states that a debt collector may not "claim, attempt, or threaten to enforce a right with knowledge that the right does not exist." Remedies for a violation include "damages proximately caused . . . including damages for emotional distress or mental anguish suffered with or without physical injury." Md. Code Ann., Com. Law, Sec. 14-203 (Lexis/Nexis 2013 Replacement Volume). Furthermore, the MCDCA prohibits a party from "attempting to enforce a right with actual knowledge or with reckless disregard as to the falsity of the existence of the right." Kouabo v. Chevy Chase Bank, F.S.B., 336 F. Supp. 2d 471, 476 (D. Md. 2004).

The parties agree that Nationstar sent correspondence, dated March 18, 2016, which indicated that "a foreclosure action may be filed in court as early as 45 days from the post mark date of this notice." Plaintiffs allege, and Defendants did not dispute, that there was no actual "filing" for the foreclosure action until nearly a year later, on March 19, 2017. These facts are nearly identical to the circumstances set forth in the Cezair decision.

In Cezair, this Court denied the defendant's motion to dismiss. The underlying notice to the mortgagor in Cezair also indicated the that foreclosure sale "may" occur at any time after 45 days from the date of the notice. However, the law prohibits such a sale, unless the 45 days are preceded by the "service of process" of the foreclosure order to docket (or complaint to foreclose) on residential property and all other papers filed with the court. Md. Code Ann., Real Prop. Sec. 7-105.1(n) (Lexis/Nexis 2013 Replacement Volume). As more plainly stated, "when *service* of the foreclosure order to docket is made, the notice to occupants should be made simultaneously, and not when the foreclosure order to docket is *filed* in the Circuit Court, which would occur before service." Cezair, at *10. Here, there is no indication that a *filing* of the foreclosure order occurred before the *service* of the notice. Accordingly, "if such a statement is made before the legal right to do so exists, it can constitute a threat to act that is made with knowledge of the threat's illegality." Id.

In order to overcome a motion to dismiss regarding a MCDCA claim, Plaintiffs must also satisfy the burdens imposed by Federal Rule of Civil Procedure 9(b) which states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The guiding principles for illuminating the sufficiency of allegations that satisfy this heightened standard, are adequately stated in Harrison v. Westinghouse Savannah River Co., 176 F.3d 776 (4th Cir. 1999). There, the court pointed out that the circumstances required to be pled are, "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Id. at 784. Moreover, "conclusory allegations of defendant's knowledge as to the true facts and of defendant's intent to deceive" are permissible.

Plaintiffs have set forth the "time, place and contents of the false representations, as well as the identity" of the author of the communications. Plaintiffs have satisfied the heightened pleading standard of the rule. Plaintiffs allege that Defendants claimed a right to collect on a debt with knowledge they had no right to do so. Plaintiffs are permitted to use conclusory language regarding Defendants state of mind.

Defendants cannot attempt to collect a debt in the wrong manner, even when a debtor is believed to be in default. As Plaintiffs have alleged emotional distress damages for the period applicable to the communication from Defendants, asserting that Defendants claimed to have the ability to foreclose on a date earlier than the right to do so, Plaintiffs' claim is actionable. Defendants' Motion as to MCDCA is DENIED.

**IV.     Plaintiffs Have Sufficiently Presented a Claim Under the Maryland Mortgage Fraud Protection Act.**

The Maryland Mortgage Fraud Protection Act ("MFFPA") is found at Md. Code Ann., Real Prop., Sec. 7-401 (Lexis/Nexis 2015 Replacement Volume). To survive a motion to dismiss, a plaintiff must here also set forth allegations that satisfy the elements necessary for a "general case of fraud" and the heightened pleading standard of Fed. R. Civ. P. 9(b). In re Blackston, 557 B.R. 858, 873 (D. Bankr. Md. 2016). As stated earlier, Plaintiffs have alleged the "time, place and contents of the false representations, as well as the identity" of the author of the communications. Plaintiffs also contend that Defendants were not in possession of the underlying Note which provides a right to collection. This information provides Defendants with sufficient information to formulate a defense by putting them "on notice of the conduct complained of." Harrison at 784.

While Defendants are correct that Ferguson Trenching Co. v. Kiehne, 329 Md. 169, 618 A.2d 735 (1993), stands for the position that the intent to defraud requires a showing of bad faith by the defendant, Ferguson was a decision based upon a finding of judgment. At present, the Court is only concerned with whether Plaintiffs have adequately pled their claim. For the reasons set forth under the claim for relief under the MCDCA, the Court finds that Plaintiffs have satisfied the pleading requirements under the MFFPA and DENIES Defendants' Motion.

### V. **Defendants' Motion Regarding the Maryland Consumer Protection Act is Granted In Part.**

Plaintiffs' claim under the Maryland Consumer Protection Act ("MCPA") is being forwarded under two distinct theories. The first theory is built upon the claims set forth under the MCDCA, while the second relates exclusively to the alleged non-response by Defendants to Plaintiffs' request for information made in the Fall of 2016. The former theory survives Defendants' Motion, while the latter does not.

The MCPA describes an "[u]nfair or deceptive trade practice" to include a violation of the MCDCA. Md. Code Ann., Com. Law, Sec. 13-301(14)(iii) (Lexis/Nexis 2015 Replacement Volume). Therefore, as the Court has previously determined that Plaintiffs have made a plausible claim under the MCDCA, the same holds true under the MCPA. Olson v. Midland Funding, LLC, 578 F. App'x 248, 251 (D. Md. 2014). Moreover, "any practice prohibited by" the statute is actionable regardless of whether "any consumer in fact has been misled, deceived, or damaged as a result of that practice." Md. Code Ann., Com. Law, Sec. 13-302 (Lexis/Nexis 2015 Replacement Volume); Peckey v. Bank of America, N.A., Civ. A. No. RDB-14-433, 2015 WL 1622967, at *6 (D. Md. Apr. 10, 2015). As a per se violation of the statute, Defendants' Motion must be DENIED.

Conversely, Plaintiffs' claims based on a lack of responsiveness from Defendants has no support. This prong of Plaintiffs' theory is grounded on a violation of Md. Code Ann., Com. Law, Sec. 13-316(c) (Lexis/Nexis 2013 Replacement Volume). On its face, the statute regulates compliance by "servicers" of mortgage accounts. A "servicer" is a "person responsible for collection and payment of principal, interest, escrow, and other moneys under an original mortgage." Md. Code Ann., Com. Law, Sec. 13-316(a)(3). During the requisite period, Nationstar was not a servicer.

The statute requires a servicer to respond in writing to a written complaint or inquiry within 15 days. While there is reason to believe Nationstar was a servicer for several months in 2016, there is no allegation that it was the servicer of Plaintiffs' account when Plaintiffs contend they wrote to Nationstar on October 26, 2016 requesting a mortgage payoff statement. SAC ¶ 28. Plaintiffs make similar contentions regarding correspondence of July 15, 2017, April 9, 2018 and April 30, 2018. SAC ¶ 81, 82.[3] These claims fail against Nationstar since Nationstar was not the servicer. Plaintiffs allegations under this theory as it relates to Nationstar are not plausible. Accordingly, as to the claims relying on Sec. 13-316, Defendants' Motion is GRANTED.

### VI. Defendants' Motion is Denied as to Plaintiffs' Claims under the Real Estate Settlement Procedures Act.

The Real Estate Settlement Procedures Act ("RESPA") is a federal statute that imposes on servicers of federally related mortgage loans the duty to "notify borrowers in writing of any assignment, sale or transfer of the servicing of the loan." 12 U.S.C. §2605(b)(1)(2010). Plaintiffs allege that Nationstar failed to provide the requisite notice when a transfer of servicers

---

[3] Plaintiffs also contend that in August 2016, Defendant Rushmore issued correspondence indicating that it was now the servicer of the loan as far back as June 2016 and continued with the issuance of monthly billing statements regarding the loan. SAC ¶¶ 23, 26.

occurred. SAC ¶ 24, 97. Nationstar responds by asserting that notice was provided and attempts to make an offer of proof. Nationstar's attempt is misplaced.

On a motion to dismiss the Court is required to rely upon the factual averments set forth in the complaint. The Court is not permitted to consider and rule upon factual disputes. The Court must take the "facts alleged in the complaint as true at this stage and the court cannot rely on documents whose authenticity" is challenged. Alston v. Citibank, N.A., Civ. A. No. DKC 14-3199, 2015 WL 2227930, at *4 (D. Md. May 11, 2015).

Defendants note that in considering a motion to dismiss, the Court is permitted to consider "documents attached to the complaint, . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Clearly, Plaintiffs have not attached all the documents referred to in the Complaint. No doubt the contents of said documents are "integral" to the issues. Yet, there is the remaining question of authenticity, which is challenged by Plaintiffs. For this reason alone, the Court cannot rely upon documents which Defendants wish to be considered.

More importantly, Alston is on point for the issues presented here. As in Alston, the question presented is the absence of a notice regarding a change in the servicer. On this issue the parties disagree, and the SAC clearly expresses the necessary elements. On this claim, the existence of notice issued by Defendant Rushmore of a change in servicers is of no moment as to the obligations imposed upon Nationstar. The Court cannot rule as a matter of law that Plaintiffs' claim is not plausible. Defendants' Motion under §2605(b) of RESPA is DENIED.

Plaintiffs also seek relief under §2605(e) of RESPA which addresses qualified written requests ("QWRs") for information from servicers. Plaintiffs contend that QWRs were submitted in September 2013 and November of 2016 and that Nationstar failed to respond as the law requires. SAC ¶ 28. Defendants' Motion cannot prevail for the same reasons as set forth under §2605(b). Plaintiffs have made a sufficient allegation of a statutory violation. It was Nationstar that had a duty to respond to a QWR. As noted by Plaintiffs, "Nationstar had a duty to respond to Plaintiffs' inquiries for up to one year after the servicing was transferred to Rushmore." Manzano v. MetLife Bank N.A., No. Civ. 2:11-651 WBS DAD, 2011 WL 3420822 (E.D. Cal. Aug. 3, 2011). The fact that Plaintiffs may have been notified by other servicers of their role is not dispositive of these claims. Plaintiffs have also made a sufficient claim for damages under the statute. Accordingly, Defendants' Motion is DENIED.

### VII. Conclusion

For the reasons set forth above, Defendants' Motion is GRANTED IN PART AND DENIED IN PART.

July 2, 2019  /s/
Charles B. Day
United States Magistrate Judge